UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **SUPERIOR CREDIT UNION, INC.** | Civil Action No. 1:19-cv-00073 |
| Plaintiff, | Judge Susan J. Dlott |
| v. | Magistrate Judge Karen L. Litkovitz |
| **CUMIS INSURANCE SOCIETY, INC.** | **AGREED PROTECTIVE ORDER FOR THE PROTECTION OF CONFIDENTIAL INFORMATION** |
| Defendant. | |

**AGREED PROTECTIVE ORDER
FOR THE PROTECTION OF
CONFIDENTIAL INFORMATION**

Come now the parties, by and through their respective counsel, and with the permission of the Court, hereby agree as follows as to their Agreed Protective Order for the Protection of Confidential Information:

Documents and information produced by a party in this litigation may be confidential and proprietary in nature. The revealing or dissemination of confidential documents or information by whatever means creates a risk that the documents or information will be obtained and used in a manner which would damage the interests of that party or another entity not a party to this action. Accordingly, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, the following protective conditions shall apply to the conduct of discovery of proprietary or confidential information in this litigation.

1. All documents and information produced by the parties in this litigation and labeled "confidential," including all personnel files, business records and financial records of which do not constitute public records, shall be maintained confidentially and used solely for the

purposes of this action. This Agreed Order shall have no application to any information or document not so labeled.

2. If the Producing Party believes that a document and/or information to be given or produced to the Receiving Party is confidential, the Producing Party may mark the document, article, or thing containing such information with the designation:

**CONFIDENTIAL**

Each page of multiple page documents shall separately be marked confidential.

3. Access to and disclosure of information and/or documents designated as confidential pursuant to this agreement shall be limited to:

(a) the Court (including court personnel and court reporters);

(b) the parties;

(c) trial counsel of the Receiving Party and their respective staffs as well as insurance representatives;

(d) deponents, if the confidential information is relevant to their involvement; and

(c) experts or consultants of the Receiving Party whose advice and consultation are being or will be used in connection with preparation for trial or trial of this case.

Each such expert or consultant shall execute a Non-Disclosure Agreement in the form annexed hereto prior to the disclosure of any information and/or documents designated as confidential. A copy of each executed Non-Disclosure Agreement shall be provided to each party's legal counsel upon request. It is specifically understood and agreed to between the parties that any confidential materials so designated pursuant to this Agreed Protective Order are to be used only for the specific purposes of this litigation and not for the business purposes or intentions of the various parties. Violation of this Agreed Protective Order may subject the

2

violating party to sanctions, Court costs, attorney's fees incurred by the offended party, and actual damages sustained by the offended party for which this Court shall retain jurisdiction.

4. In the event that the Receiving Party disagrees with any confidential designation by the Producing Party, the Receiving Party shall continue to treat the materials as confidential and subject to this order unless the Producing Party agrees or the Court orders that the materials are not confidential. The parties will try first to resolve such dispute on an informal basis. If necessary, application may be made to the Court for relief. Neither party shall be obligated to challenge the propriety of a particular designation, and a failure to do so shall not constitute an admission that any item or information is, in fact, confidential or preclude a subsequent challenge to the propriety of such designation.

5. Confidential documents and information previously produced by a party shall be reproduced by the Receiving Party only when necessary for a specific purpose related to this action.

6. The parties shall not file under seal any motion, memorandum, or other brief in its entirety. To the extent that a motion, memorandum, or brief to the Court contains any "Confidential" or "Subject to Protective Order" material, a party may move that the document be filed in redacted form, redacting only the "Confidential" or "Subject to Protective Order" material, and that the unredacted version be filed under seal. Such motion may be granted upon a showing of good cause. Any folder, envelope or other device used to seal such documents shall bear the notation "DOCUMENTS UNDER SEAL."

7. In the event that any such document and/or information is the subject of witness examination at a deposition held in connection with this case, it shall be noted on the record that all examination and testimony pertaining thereto shall be considered confidential and the pages

of any transcript thereof so designated. To the extent that any of those present are not designated persons as defined herein, or are designated persons who have not previously been shown this Agreed Protective Order, the applicable provisions of this Order shall be carried out.

8. All parties, after having first complied with the local rules, shall submit to the U.S. District Court, Southern District of Ohio, for resolution any disputes regarding this Agreed Order and any proposed modification or enforcement of it, and no party hereby waives its rights to a judicial hearing nor the rights afforded the party under the Federal Rules of Civil Procedure.

9. The ultimate disposition of confidential materials is subject to a final order of the Court on the completion of the litigation. Unless otherwise directed by the Court, the parties agree that counsel herein shall collect and return all original and reproduced confidential documents and information to the party originally producing such documents and information or attest by written confirmation to their destruction, subject to the continuing obligations of this Agreed Order. Counsel shall either turn over to the party originally producing documents and information or destroy all copies, notes, abstracts, or summaries of said documents and information, and shall secure the return of all confidential documents and information from those designated persons to whom such documents and information were in any way made available, as well as from those persons not designated herein to whom such documents and information were made available pursuant to the written consent of the parties. Counsel shall ascertain that all such copies, notes, summaries or abstracts of documents and information in the possession of designated persons shall have been returned or destroyed. Counsel shall include in the aforementioned written confirmations a description in detail of the manner of destruction, and certify that all documents and information have been returned or destroyed, and that all copies,

notes, summaries, abstracts or other similar reproductions of documents or information have been returned or destroyed.

10. The provisions of this Order shall survive the final termination of this litigation with respect to any retained confidential information. To the extent that compliance with the provisions of this Order shall appear to present practical obstacles to the expeditious trial of this matter, the parties shall use their best efforts to insure the protection of the documents and information and shall also attempt to reach an accommodation respecting any terms hereof.

11. This Order may be modified by the Court in its discretion.

_____
Hon. Karen L. Litkovitz United States Magistrate Judge

/s/ Joseph L. Dilts
Joseph L. Dilts (0013003)
K. Roger Schoeni (0004812)
PNC Center, Suite 800
201 East Fifth Street
Cincinnati, OH 45202
Phone (513) 381-0656/Fax: (513) 381-5823
Email: jdilts@kplaw.com

/s/Patrick J. Collins
Patrick J. Collins, Esq., *pro hac vice*
Patrice B. Collins, Esq., *pro hac vice*
COLLINS & COLLINS, LLC
700 17th Street, Suite 1820
Denver, Colorado 80202
Phone: (303) 296-7700, Fax: (303) 295-7160
Email: patricec@lawcc.us
Attorneys for Plaintiff

/s/ V. Brandon McGrath
V. Brandon McGrath (0072057)
Bingham Greenbaum Doll L.L.P.
2350 First Financial Center
255 E. Fifth Street
Cincinnati, OH 45202
Attorneys for Defendant

# NON-DISCLOSURE AGREEMENT

      The undersigned represents that he/she has been engaged as a consultant or expert on behalf of _____ in the matter styled: *SUPERIOR CREDIT UNION, INC. Plaintiff, vs. CUMIS INSURANCE SOCIETY, INC. Defendant,* U.S. District Court, Southern District of Ohio, Case No. 1:19-CV-00073. I represent that I have been provided a complete copy of the parties' Agreed Protective Order, that I have read and understand the same, and that I will abide by and obey all terms contained therein.

Date:_____

                                                              _____
Signed

                                                              _____
Name (Print or Type)